# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ALBERT A. CHAVEZ,

Plaintiff,

v.

BRIAN CATES, et al.,

Defendants.

Case No. 1:26-cv-02891-KES-SAB (PC)

FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF DEFENDANT E. GARZA

**FOURTEEN-DAY DEADLINE**

Plaintiff is proceeding *pro se* and *in forma pauperis* in this action pursuant to 42 U.S.C. § 1983. As relevant here, on September 3, 2026, the Court issued an order to show cause ordering Plaintiff to show cause in writing why this case should not be dismissed as to Defendant E. Garza for failure to compete service as required by Federal Rule of Civil Procedure 4(m). (ECF No. 23.) The Court gave Plaintiff fourteen days in which to show cause. (Id.) That deadline has passed, and accordingly, the Court issues this findings and recommendations, recommending that this defendant be dismissed.

## I.

## LEGAL STANDARD

> TIME LIMIT FOR SERVICE. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—***must*** dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (emphasis added).

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the Court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and . . should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994), quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990), *abrogated on other grounds by* Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422, quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir. 1990).

However, where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effectuate service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

**II.**

**DISCUSSION**

On September 3, 2026, the Court explicitly gave Plaintiff notice of the expiration of time limit for service. (ECF No. 23.) Plaintiff did not file a response. Accordingly, Federal Rule of Civil Procedure 4(m) requires that the Court dismiss this defendant without prejudice or direct Plaintiff to complete service in a specified timeframe. The Court finds that directing Plaintiff to complete service within a specified time to be unhelpful here, given that the Court has informed and notified Plaintiff of the implication of Rule 4(m) through the September 3, 2026 order to show cause. Furthermore, the Court explicitly notified Plaintiff that failure to file a response to the order to show cause would result in a recommendation that Defendant E. Garza be dismissed from the action, without prejudice. (Id.) Thus, for these reasons, the Court finds that dismissal of this defendant is appropriate here and will recommend as such. See Walker, 14 F.3d at 1421-22.

/ / /

## III.

## CONCLUSION AND RECOMMENDATION

For the reasons discussed herein, IT IS HEREBY RECOMMENDED that Defendant E. Graza be dismissed without prejudice for Plaintiff's failure to timely effectuate service.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Objections, if any, shall not exceed **fifteen (15) pages**. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate [judge's] factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014), citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **October 2, 2026**

STANLEY A. BOONE
United States Magistrate Judge