UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ALBERT A. CHAVEZ,

Plaintiff,

v.

BRIAN CATES, et al.,

Defendants.

No. 1:26-cv-02891-KES-SAB (PC)

ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE

(ECF No. 29)

Plaintiff is proceeding *pro se* and *in forma pauperis* in this action filed pursuant to 42 U.S.C. § 1983. On October 27, 2026, Plaintiff filed a motion for appointment of counsel. (ECF No. 7.)

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, a court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not

abuse discretion in declining to appoint counsel).

The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Here, Plaintiff asserts that he is "a layman at law" and does not possess "sufficient knowledge as to civil matters." (ECF No. 29.) Plaintiff also states that he is a full-time college student and is simultaneously pursuing an appeal of his criminal conviction. (Id.) Having considered the factors set forth in Palmer, the Court finds that Plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel. Accordingly, Plaintiff's motion for counsel (ECF No. 29) is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **October 29, 2026**

STANLEY A. BOONE
United States Magistrate Judge